UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x

FREDERICK LEE,

                Plaintiff,

-against-

THE CITY OF NEWBURGH and POLICE
OFFICER MICHAEL PITT,

                Defendants.
―――――――――――――――――――――――x

**08 CIV. 2382**

Case No.

**COMPLAINT**

**JUDGE KARAS**

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by plaintiff against Police Officer Michael Pitt, who unlawfully assaulted him, arrested him, subjected him to excessive force during the course of his arrest, and then subjected him to a baseless criminal prosecution, and against the City of Newburgh, as the supervisory body responsible for the conduct of the defendant and for its failure to take corrective action with respect to said police officer, whose vicious propensities were notorious, to assure proper training and supervision of the officer, or to implement meaningful procedures to discourage lawless official conduct. The City of Newburgh is sued as a person under 42 U.S.C. Section 1983.

## JURISDICTION

2. This action arises under Sections 1983 and 1988 of Title 42 of the United States Code, and the Fourth Amendment to the Constitution of the United States. Jurisdiction is conferred by

28 U.S.C. §§ 1331, and plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under state law.

PARTIES

3. At all times relevant to the allegations of this complaint, plaintiff Frederick Lee is an individual residing in the County of Orange, State of New York.

4. At all times relevant to the allegations of this complaint, defendant POLICE OFFICER MICHAEL PITT, ("defendant police officer" or "individual defendant") was employed by the City of Newburgh Police Department to perform duties in the City of Newburgh.

5. At all times relevant, the defendant police officer above-named was acting in the capacity of agent, servant and employee of defendant City of Newburgh and is sued individually and in his official capacities.

6. At all times relevant, defendant City of Newburgh was a municipal corporation duly formed under the laws of New York State, and was the employer and supervisor of defendant police officer. As such, it was responsible for defendant's training, supervision and conduct. It was also responsible, under law, for enforcing the regulations of the City of Newburgh Police Department and for ensuring that City of Newburgh police personnel obey the laws of the State of New York and of the United States.

7. At all times relevant hereto and in all his actions described herein, defendant police officer was acting under color of law and pursuant to his authority as a police officer.

## FACTUAL ALLEGATIONS

8. On or about October 26, 2005, plaintiff was lawfully at his residence in the City of Newburgh when he noticed a tow truck pull up next to his wife's automobile, parked on the street outside.

9. Plaintiff approached the tow truck driver and asked him what he was doing. Plaintiff was informed that the car was going to be towed because it was an abandoned vehicle.

10. Plaintiff then showed the tow truck driver the car's valid registration and license plates. However, the tow truck driver insisted that the car would be towed anyway.

11. When plaintiff insisted that the car was not abandoned, the tow truck driver summoned the police.

12. Defendant Michael Pitt arrived on the scene and arrested plaintiff for disorderly conduct.

13. During the arrest, plaintiff's pockets were patted down and emptied by police officer Pitt, his arms were twisted roughly behind his back, and he was pushed over the hood of the car to be handcuffed.

14. Plaintiff had recently undergone back surgery, and at the time of the arrest was already in great pain. The forcible arrest exacerbated the back injury, and caused additional injury to plaintiff's right shoulder and arm.

15. In addition, plaintiff was handcuffed and arrested with family and friends watching. This caused embarrassment, humiliation, and mental distress, and was upsetting to both plaintiff and his family.

16. Plaintiff spent approximately six hours at the police station, then was arraigned at Newburgh City Court, and then was sent to Orange County Jail, where he was bailed out and released.

17. During his incarceration and detention, plaintiff repeatedly told Officer Pitt about his medical condition, complained of the pain, and requested medical attention, but he was ignored. Plaintiff also repeated his complaints to other police officers who were monitoring the holding cells, but was also ignored.

18. After being released from Orange County Jail, plaintiff went to the emergency room at St. Luke's Hospital and was treated for his injuries.

19. The criminal case against plaintiff was dismissed on motion of the prosecutor on November 3, 2005.

## FEDERAL CAUSES OF ACTION

20. Each and every allegation set forth in Paragraphs "1" through "19" is incorporated herein by reference.

21. The above-described actions and omissions, engaged in under color of state authority by defendants, including defendant City of Newburgh, responsible because of its authorization, condonation and ratification thereof for the acts of its agent, Police Officer Pitt, deprived plaintiff of the rights secured to him by the Constitution of the United States, including, but not limited to:

    a. the Fourth Amendment right to be free from unreasonable search and seizure;

    b.      the Fourth Amendment right to be free from false arrest and false imprisonment;

    c.      the Fourth Amendment right to be free from excessive force used in the course of an arrest; and

    d.      the Fourth Amendment right to be free from malicious prosecution.

## PENDANT STATE CAUSES OF ACTION

22.    Each and every allegation set forth in Paragraphs "1" through "19" is incorporated herein by reference.

23.    Plaintiff served a written Notice of Claim with defendant City of Newburgh within ninety days after his claim arose, demanding adjustment and payment, as mandated by Section 50(e) of the General Municipal Law of the State of New York.

24.    More than thirty days have elapsed since the service of such Notice of Claim and adjustment or payment thereof has been neglected or refused.

25.    The acts and conduct hereinbefore alleged constitute assault and battery and false arrest and imprisonment under the laws of the State of New York. This Court has pendant jurisdiction to hear and adjudicate those claims.

26.    The City of Newburgh is also liable under the doctrine of vicarious liability because the individual defendant was acting within the scope of his employment at the time of his alleged actions.

## MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. § 1983

27. The aforesaid event was not an isolated incident. The City of Newburgh has been aware for years (from lawsuits, notices of claim and complaints filed with the City of Newburgh Police Department and the City of Newburgh) that many of its police officers are insufficiently trained with respect to the laws of illegal search and seizure, excessive force, false arrest/false imprisonment and malicious prosecution. The City is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, the City has failed to take corrective action. This failure caused the officer in the present case to violate plaintiff's civil rights.

28. The City of Newburgh is also liable because it has been on notice that the defendant police officer lacks the objectivity, temperament, maturity, and discretion to be a member of the City of Newburgh Police Department. Despite such notice, the City has retained the individual defendant as a police officer. This conduct amounts to gross negligence and deliberate indifference to the rights of citizens such as the plaintiffs.

## ATTORNEY'S FEES

29. Plaintiffs are entitled to an award of attorney's fees, pursuant to 42 U.S.C. 1988.

///

///

///

///

///

WHEREFORE, plaintiff demands the following relief, jointly and severally, against all defendants:

    (a)    Compensatory damages in the amount to be determined at trial;

    (b)    Punitive damages in the amount of to be determined at trial;

    (c)    Attorneys' fees pursuant to 42 U.S.C. 1988; and

    (d)    Such other and further relief as to the Court seems just and proper.

DATED:    Newburgh, New York
                March 5, 2008                      **COBB & COBB**

                                                    By:    _John Cobb_
                                                           JOHN COBB (JC 9884)
                                                          Attorneys for plaintiff
                                                          724 Broadway
                                                          Newburgh, NY 12550
                                                          (845) 351-5612